**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY PANTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ACTIVATE FINANCIAL, LLC; NCB MANAGEMENT SERVICES, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:_____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ANTHONY PANTO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, ACTIVATE FINANCIAL, LLC ("ACTIVATE"), NCB MANAGEMENT SERVICES, INC., ("NCB") and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, is a natural person and a resident of Ocean County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      ACTIVATE  is a limited liability company chartered under Utah law.

8.      Upon information and belief, ACTIVATE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      ACTIVATE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      NCB is a foreign company with its executive offices located at One Allied Drive, Trevose, Pennsylvania 19053.

11.      Upon information and belief, NCB uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.      NCB is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

14.     Plaintiff is informed, believes, and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

16.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent communications from ACTIVATE concerning a debt and/or obligation owed to NCB, which included the alleged conduct and practices described herein.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit C,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.   Whether the Defendants violated various provisions of the FDCPA.

  b.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     On or before June 22, 2009, Plaintiff allegedly incurred a financial obligation with BENEFICIAL FINANCE. ("BENEFICIAL").

16.     The BENEFICIAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The BENEFICIAL obligation arose out of a transaction, which was not for business purposes.

18.     The BENEFICIAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     BENEFICIAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     The last payment made by made on the BENEFICIAL obligation was June 22, 2009.

21.     On or before February 19, 2013, the BENEFICIAL obligation was purchase NCB.

22.     At the time NCB purchased the BENEFICIAL obligation, the debt was past due.

23.     At the time NCB purchased the BENEFICIAL obligation, the debt was in default.

24.     As of February 19, 2013, the balance of the BENEFICIAL obligation was $15,283.27.

25.     On or about February 19, 2013 NCB caused to be mailed to Plaintiff a letter.

26.      On or about February 19, 2013 NCB caused to be mailed to Plaintiff a letter attempting to collect the BENEFICIAL obligation. A copy of said letter is annexed hereto as Exhibit A.

27.     On March 13, 2013, Plaintiff through his undersigned attorney sent a letter to NCB disputing the debt and instructed NCB to *cease and desist* all collection efforts and communication with Plaintiff. A copy of said letter is annexed hereto as Exhibit B.

28.     On or about January 3, 2019, NCB placed the BENEFICIAL obligation with ACTIVATE for the purpose of servicing the debt.

29.     On or about January 3, 2019, NCB placed the BENEFICIAL obligation with ACTIVATE for the purpose of collection.

30.     At the time NCB placed the BENEFICIAL obligation with ACTIVATE, the debt was past due.

31.     At the time NCB placed the BENEFICIAL obligation with ACTIVATE, the debt was in default.

32.     At the time NCB placed the BENEFICIAL obligation with ACTIVATE, NCB knew that Plaintiff was represented by an attorney.

33.     At the time NCB placed the BENEFICIAL obligation with ACTIVATE, NCB should have known that Plaintiff was represented by an attorney.

34.     As of January 3, 2020, the "Total Balance Due" of the debt was $18,154.86.

35.     From February 19, 2013 to January 3, 2020, the balance of the BENEFICIAL obligation increased.

36.     From February 19, 2013 to January 3, 2020 the balance of the BENEFICIAL obligation increased by $2,871.59.

37.     The increase of $2,871.59 is a result of accrued interest.

38.     The increase of $2,871.59 is a result of accrued interest and/or other charges.

39.     On or about January 3, 2020, ACTIVATE caused to be mailed to Plaintiff a letter. A copy of said letter is annexed hereto as Exhibit C.

40.     On or about January 3, 2020, ACTIVATE caused to be mailed to Plaintiff a letter attempting to collection the BENEFICIAL obligation.

41.     On or about January 3, 2020, ACTIVATE caused to be mailed to Plaintiff a letter attempting to collection the BENEFICIAL obligation.

42.     At the time ACTIVATE sent the January 3, 2020 letter to Plaintiff, ACTIVATE knew that Plaintiff was represented by an attorney.

43.     At the time ACTIVATE sent the January 3, 2020 letter to Plaintiff, ACTIVATE should have known that Plaintiff was represented by an attorney.

44.     At the time ACTIVATE sent the January 3, 2020 letter to Plaintiff, ACTIVATE could had readily ascertained that Plaintiff was represented by an attorney.

45.     The January 3, 2020 letter from ACTIVATE to Plaintiff stated in part:

**Total Balance Due: $18,154.86**

46.     The January 3, 2020 letter from ACTIVATE to Plaintiff was the initial communication from ACTIVATE.

47.     The January 3, 2020 letter did not itemize the Total Balance Due of $18,154.86.

48.     The January 3, 2020 letter did inform Plaintiff of much of the Total Balance Due is principal and how much is accrued interest and/or other charges.

49.     The January 3, 2020 letter did inform Plaintiff did not inform Plaintiff whether the Total Balance Due is static or dynamic.

50.     Upon receipt, Plaintiff read the January 3, 2020.

51.     NCB knew or should have known that its actions violated the FDCPA.

52.     ACTIVATE knew or should have known that its actions violated the FDCPA.

53.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54.     It is Defendants' policy and practice to send written subsequent collection communications, in the form annexed hereto as <u>Exhibit A</u>, and <u>Exhibit C</u>. which violate the FDCPA, by *inter alia*:

       (a)     Falsely representing the character of the debt;

       (b)     Falsely representing the amount of the debt;

       (c)     Using false and deceptive means to collect the debt; and

       (e)     Communicating with the consumer when said consumer is represented by an attorney.

55.     On information and belief, Defendants sent written communications in the form annexed hereto as **<u>Exhibit C</u>**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

56.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57.     Collection letters and/or notices, such as those sent by DEFENDANTS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58.     Defendants violated 15 U.S.C. §1692e(2)(A) by sending written communications directly to Plaintiff on or about January 3, 2020, which falsely represented the character of the Total Balance Due.

59.     Defendants falsely represented in the January 3, 2020 letter, the character of the Total Balance Due by failing to inform the Plaintiff that the debt was subject to increase.

60.     Defendants falsely represented in the January 3, 32020 letter, the character of the Total Balance Due by failing to inform the Plaintiff whether said Total Balance Due was static or dynamic.

61.     The least sophisticated consumer upon reading the January 3, 2020 letter, would be confused and unsure as to whether the Total Balance Due would continue to increase.

62.      The least sophisticated consumer upon reading the January 3, 2020 letter, would be confused and unsure as to whether the Total Balance Due would continue to increase as it has done since the February 19, 2013 letter.

63.     Defendants violated 15 U.S.C. §1692e(2)(A) by sending written communications directly to Plaintiff on or about January 3, 2020, which falsely represented the amount of the Total Balance Due

64.     Defendants falsely represented in the January 3, 2020 letter, the amount of the Total Balance Due by failing to inform the Plaintiff that the debt was subject to increase.

65.     Defendants falsely represented in the January 3, 32020 letter, the amount of the Total Balance Due by failing to inform the Plaintiff whether said Total Balance Due was static or dynamic.

66.     Because Defendants falsely represented in the January 3, 2020 letter, the amount of the Total Balance Due, the least sophisticated consumer upon reading the January 3, 2020 letter, would be confused and unsure as to whether the Total Balance Due would continue to increase.

67.     Because Defendants falsely represented in the January 3, 2020 letter, the amount of the Total Balance Due, the least sophisticated consumer upon reading the January 3, 2020 letter, would be confused and unsure as to whether the Total Balance Due would continue to increase as it has done since the February 19, 2013 letter.

68.     Defendants violated 15 U.S.C. §1692g(a)(1) by failing to inform Plaintiff in the January 3, 2020 letter, that the amount of the debt was subject to increase.

69.     Because Defendants failed to state in the January 3, 2020 letter that the debt would continue to increase, the least  sophisticated consumer upon reading the letter would be confused and unsure of exactly how much is due to satisfy the debt.

70.     Because Defendants failed to state in the January 3, 2020 letter that the debt would continue to increase, the least sophisticated consumer upon reading the letter would be confused and unsure as to whether the Total Balance Due would continue to increase as it has done since the February 19, 2013 letter.

71.     Section 1692c(a)(2) of the FDCPA states:

> A debt collector may not communicate with a consumer in connection with the collection of any debt -- *if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,* unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. [emphasis added]

72.     Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows or can readily ascertain that the consumer is represented by an attorney.

73.     Defendant violated Section 1692c(a)(2) of the FDCPA by mailing the January 3, 2020 letter to Plaintiff in an attempt to collect the alleged debt owed after having knowledge or could readily have ascertained that Plaintiff was in fact represented by an attorney.

74.      Plaintiff's counsel had previously sent correspondence to NCB by both fax and regular mail to "cease and desist" as well as instructing that further contact should be made to Plaintiff's counsel.

75.     By reason thereof, Plaintiff sustained damages when Defendants attempted to collect the alleged debt by mailing a communication (January 3, 2020 letter) addressed to Plaintiff after they knew or could have readily ascertained that Plaintiff was represented by an attorney.

76.     Section 1692c(c) of the FDCPA states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, *the debt collector shall not communicate further with the consumer with respect to such debt*, except--
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy

77.     Section 1692a(2) of the FDCPA defines communication as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

78. Defendants violated Section 1692c(c) of the FDCPA by mailing a communication (the January 3, 2020 letter) addressed to Plaintiff after Defendants were informed in writing to "immediately Cease and Desist all direct communication" with Plaintiff.

79. By reason thereof, Plaintiff has sustained damages when the Defendants mailed the January 3, 2020 letter addressed to Plaintiff after Defendants were informed in writing to "immediately Cease and Desist all direct communication" with Plaintiff.

80. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

81. Defendants used false and deceptive meaning in their attempts to collect the debt debt from Plaintiff by falsely representing in the January 3, 2020 letter, the character of the debt.

82. Defendants used false and deceptive meaning in their attempts to collect the debt debt from Plaintiff by falsely representing in the January 3, 2020 letter, the amount of the debt.

83. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

84. Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

85. Plaintiffs and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

86. Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

87. Plaintiffs have suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiffs demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 16, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 16, 2020

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

**NCB**
Management
Services
Incorporated
Professional Collections &
Recoveries Management

1.800.828.1110

To make your payment online, please visit us at www.ncbi.com.

Original Creditor: BENEFICIAL FINANCIAL I INC.
Acct# : ████████6529
Current Creditor: NCB MANAGEMENT SERVICES, INC
NCB File# : ██████1711
Balance : $15,283.27 as of 02-19-2013

Date: 02-19-2013

Dear Anthony Panto,

The purpose of this letter is to inform you that effective on January 30, 2013, your BENEFICIAL FINANCIAL I INC. account was purchased by NCB Management Services, Inc.

You are directed to address all future correspondence and payments concerning this account to NCB Management Services, Inc.

Please use the enclosed self-addressed envelope and put your file number in the memo portion of your check to ensure proper credit to your account.

Sincerely,

NCB Management Services, Inc
800-828-1110

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. The purpose of this letter is to collect a debt. Any information obtained will be used for that purpose. As of the date of this letter, you owe $15,283.27. Because of interest charges, that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

Please see reverse side for important information.

Hours: Mon-Thur (9am-9pm)  Fri (9am-6pm)  Sat (9am-1pm)  Eastern Time
NCB Management Services, Inc. • PO Box 1099 • Langhorne, PA  19047

Please mail payment and the bottom portion in the enclosed self-addressed envelope to ensure proper credit.

For Payment and Correspondence:
NCB Management Services Inc.
PO Box 1099
Langhorne, PA  19047

ADDRESS SERVICE REQUESTED

██

Anthony Panto
NCB File# : ██████1711
Original Creditor: BENEFICIAL FINANCIAL I INC.
Acct# : ████████6529
Balance : $15,283.27 as of 02-19-2013

Amount of Payment Enclosed  $_____

Anthony Panto

NCB Management Services, Inc.
PO Box 1099
Langhorne, PA  19047

## ELECTRONIC PAYMENT AUTHORIZATION

You may arrange by phone or by mail to repay your debt over a period of time by authorizing us to initiate a series of electronic payments ("Payments") from a deposit account of yours that you identify (the "Account").   YOU ARE NOT REQUIRED TO ARRANGE FOR OR AUTHORIZE ANY PAYMENTS OF THIS TYPE.

*Payment Authorization by Phone.*  By (1) calling NCB Management Services, Inc. at the toll free number listed on the front of this letter or taking a call from us; (2) specifying the amounts and dates of Payments you would like to make; (3) identifying your Account; and (4) electronically signing this Authorization, you authorize us to initiate Payments from your Account in the amounts and on or after the dates that you specify, until your debt is paid in full.

*Payment Authorization by Mail.*  By completing, detaching and returning this Authorization, you authorize us to initiate Payments from your Account identified below in the amounts and on or after the dates that you specify, until your debt is paid in full.

*Correcting Erroneous Payments; Unsuccessful Payments.* In the event that we make an error in processing a Payment, you authorize us to initiate a Payment to correct the error.  You also authorize us to resubmit any unsuccessful Payment.

*Right to Cancel.*  You may cancel this Authorization by calling us toll free at the listing on the front of this letter at least three business days before you wish the cancellation to be effective.

Payment Amount: Lesser of Outstanding Balance or $_____

Payment Dates: (circle one) Weekly/bi-monthly/monthly, beginning_____

Bank Name: _____ Account No.: _____

Routing No. (this is the 9-digit number typically located next to account number on the bottom of your check or deposit slip): _____

Account type: __ Checking __ Savings

Name(s) (please print): _____

Signature(s): _____     Date: _____

██████████████

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, *LLC*
### Attorney at Law

---

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

<u>Admitted to Practice</u>
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

100 Park Avenue
20th Floor
New York, NY 10017
646-459-7971
facsimile 646-459-7973

***Reply to: New York***

March 13, 2103

<u>Via Facsimile (215) 633-9094 and First Class Mail</u>

NCB Management Services, Inc.
One Allied Drive
Trevose, PA 19053

        Re:     Anthony Panto
                Account No.: ████711

To Whom It May Concern:

      This firm has been retained to represent the interest of Anthony Panto, relative to the above-referenced matter.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Panto.

      As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if NCB Management Services, Inc., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

              Very truly yours,
              Law Offices of Joseph K. Jones, LLC

              */s/ Joseph K. Jones*
              Joseph K. Jones
              Attorney at Law

JKJ: kk
cc:  Anthony Panto

**HP Officejet Pro 8600 N911n Series**

**Fax Log for**
Joseph K. Jones, Esq.
646-459-7973
Mar 13 2013 11:01AM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| | | | | Digital Fax | | |
| Mar 13 | 11:00AM | Fax Sent | 92156339094 | 0:45 N/A | 1 | OK |

# Exhibit

# C

PO Box 910009
San Diego, CA 92191-0009

January 03, 2020

A-184556 | INL
ANTHONY PANTO

ACTIVATE FINANCIAL, LLC
PO Box 910009
San Diego, CA 92191-0009
855-755-5372

Original Creditor: BENEFICIAL FINANCIAL
I INC.
Current Creditor: NCB MANAGEMENT SERVICES,
INC
New Account #: AFL-     6529
Original Account #:      6529
Last Payment Date: 06/22/2009
Total Balance Due: $18,154.86

Dear ANTHONY PANTO,

ACTIVATE FINANCIAL, LLC. is now servicing the CONSUMER LOAN account noted above that was held by BENEFICIAL FINANCIAL I INC.. NCB MANAGEMENT SERVICES, INC has purchased the account and turned it over to us to collect it for them.

Unless you notify Activate Financial, LLC to the address specified above, within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will assume this debt is valid. If you notify Activate Financial, LLC in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, Activate Financial, LLC will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification. If you request of Activate Financial, LLC in writing within 30 days after receiving this notice Activate Financial, LLC will provide you with the name and address of the original creditor, if different from the current creditor.

For further information or to pay by phone, please call Activate Financial, LLC at 855-755-5372 Monday through Friday between 6:00am – 7:00pm (PST).

This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.

To make a payment online go to: www.pay.activatefinancial.com

↓ Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope  ↓

Make Check Payable to:
**ACTIVATE FINANCIAL, LLC**

NEW ACCT #: AFL-     6529
TOTAL BALANCE DUE: $18,154.86

Amount Paid: _____

Home Phone: _____
Daytime Phone: _____

ACTIVATE FINANCIAL, LLC
DEPT #: C281
PO BOX 509015
SAN DIEGO, CA 92150-9015
855-755-5372

ANTHONY PANTO

If address has changed, please call us to update